TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Vernell Beckum

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernell Beckum, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Conn Appliances, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Vernell Beckum, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et. seq. ("TCPA").

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Vernell Beckum (hereafter "Plaintiff"), is an adult individual residing at 18611 North 22nd Street, #2, Phoenix, Arizona 85024, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, Conn Appliances, Inc. (hereafter "Conn"), is a company with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Conn and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Conn at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Conn contacted Plaintiff by placing calls to Plaintiff's cellular telephone [623-217-XXXX], using an automated telephone dialer system with an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii) (hereafter "Robocalls").

9. When Plaintiff answered the calls from Conn, he heard a prerecorded message.

10. On or about March 15, 2014, Plaintiff called Conn and told Conn to cease calling his cellular phone.

11. Despite being unequivocally advised by Plaintiff to stop calling, Conn continued to call Plaintiff with multiple Robocalls.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein, Conn called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. Plaintiff did not provide and/or revoked his express consent to be contacted on his cellular telephone, and in fact instructed Conn to stop all calls to his cellular telephone.

3

15.   Conn continued to place Robocalls to Plaintiff's cellular telephone after being advised by Plaintiff that he wanted all calls to cease.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16.   The telephone number called by Conn was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17.   The calls from Conn to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.   Each of the aforementioned calls made by Conn constitutes a violation of the TCPA.

19.   As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

# COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Arizona state law.

24. Conn intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced Robocalls.

25. The telephone calls made by Conn to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26. The conduct of Conn in engaging in the illegal calling activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

28. All acts of Conn were committed with malice, intent, wantonness, and recklessness, and as such, Capital One is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED:  April 7, 2014 | LEMBERG LAW, LLC |

By: <u>  */s/   Trinette G. Kent*  </u>
Trinette G. Kent

Attorney for Plaintiff,
Vernell Beckum